UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL JOHNSON,

 *Plaintiff*,         CASE NO. 09-CV-14311

v.             DISTRICT JUDGE JOHN CORBETT O'MEARA
            MAGISTRATE JUDGE CHARLES E. BINDER

DEARBORN POLICE DEPARTMENT,
POLICE OFFICER SHELLEY,
POLICE OFFICER KITATMAN,

 *Defendants*.
              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II. REPORT**

 **A. Introduction**

On November 2, 2009, Plaintiff Khalil Johnson filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. At that time, Plaintiff was incarcerated in the Wayne County Jail.[1] Plaintiff asserts in his complaint that he was arrested without a warrant on September 19, 2009, has been charged by the state of Michigan with criminal offenses, is falsely imprisoned, and is not receiving any help from his court-appointed attorney. He seeks to be released from state

---

[1] All mail sent by this Court to Plaintiff at the Wayne County Jail has been returned as undeliverable. (Doc. 5, 6.)

custody so that he can "hire [an] attorney and gather witnesses." (Compl. at 3.) He also wants to be reimbursed by the Dearborn Police Department the amount of $55,900 for "missing home items." (Compl. at 3; List of home items, Compl. at 6-7.)

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on November 9, 2009, and the case was referred to the undersigned magistrate judge for all pretrial proceedings. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) **when filed**, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

2

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

**C.     Analysis and Conclusions**

**1.     Reimbursement for Home Items**

Plaintiff's claim for return or reimbursement of his home items implicates the Fourteenth Amendment's Due Process Clause. Pursuant to that statute, no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A plaintiff asserting a due process violation with regard to the deprivation of personal property must

demonstrate either (1) that his loss resulted from an established unconstitutional state procedure, or (2) that a "random and unauthorized" act caused his deprivation, and that no state remedies are available to compensate him for his loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709-710 (6th Cir. 2005). In this case, because Plaintiff is not complaining of an established policy condoning the unconstitutional deprivation of his property, he must satisfy the second test. In order to succeed, Plaintiff must both plead and prove that state remedies for redressing the alleged wrongful deprivation are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Plaintiff, however, has not alleged that state post-deprivation remedies are inadequate, nor could he. Michigan law provides for a civil action to recover possession of, or damages for, property unlawfully taken or detained. MICH. COMP. LAWS § 600.2920. In addition, Michigan law authorizes actions in the Court of Claims to recover for alleged unjustifiable acts of state officials. MICH. COMP. LAWS § 600.6401. The Sixth Circuit Court of Appeals has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his property, I suggest that he has failed to state a claim that entitles him to relief under § 1983.

### 2. Plaintiff's Remaining Claims

Plaintiff's remaining claims constitute a collateral attack on his pending state criminal judicial proceedings, and this Court is precluded from interfering with a pending state prosecution. It is well settled that a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) ("Since the beginning of this country's history

4

Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"). Under the abstention doctrine established by *Younger v. Harris*, the target of an ongoing state prosecution is required to raise any and all constitutional claims as defenses to that action in the state courts and may not file a collateral federal action raising the same claims. *See Gottfried v. Medical Planning Service, Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

I suggest that the *Younger* doctrine of abstention precludes this Court from entertaining Plaintiff's remaining claims due to the pendency of his state criminal proceedings. Accordingly, I suggest that the case be *sua sponte* dismissed for failure to state a claim.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                        s/ *Charles E Binder*

                                                       CHARLES E. BINDER

Dated: December 4, 2009                       United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Khalil Johnson, #2009027769, at the Wayne County Jail, 570 Clinton St., Detroit, MI, 48226-2360; and served on District Judge O'Meara in the traditional manner.

Date: December 4, 2009                      By     *s/Jean L. Broucek*
                                                      Case Manager to Magistrate Judge Binder