**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KHALIL JOHNSON,

 *Plaintiff*,       CASE NO. 09-CV-14311

v.            DISTRICT JUDGE JOHN CORBETT O'MEARA
             MAGISTRATE JUDGE CHARLES E. BINDER
DEARBORN POLICE DEPARTMENT,
POLICE OFFICER SHELLEY,
POLICE OFFICER KITATMAN,

 *Defendants*.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTIONS TO REOPEN CASE**
(Doc. 12, 13, 14)


**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motions be **DENIED**.


**II. REPORT**

 **A. Background**

On November 2, 2009, Plaintiff Khalil Johnson filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. At that time, Plaintiff was incarcerated in the Wayne County Jail. Plaintiff asserted in his complaint that he was arrested without a warrant on September 19, 2009, falsely charged by the state of Michigan with criminal offenses, falsely imprisoned, and not receiving any help from his court-appointed attorney. He sought to be released from state custody so that he could "hire [an] attorney and gather witnesses." (Compl.

at 3.) He also wanted to be reimbursed by the Dearborn Police Department the amount of $55,900 for "missing home items." (Compl. at 3; List of home items, Compl. at 6-7.)

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on November 9, 2009, and the case was referred to the undersigned magistrate judge for all pretrial proceedings. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), a Report and Recommendation (R&R) issued suggesting that Plaintiff's complaint be dismissed because (1) Plaintiff's Fourteenth Amendment due process claim for return or reimbursement for items taken from his home failed to state a viable claim where Plaintiff had not alleged or shown that state post-deprivation remedies were inadequate; (2) Plaintiff's remaining claims constituted a collateral attack on his pending state criminal prosecution and this Court is precluded from interfering with ongoing state judicial proceedings by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). (R&R, Doc. 7.) On December 29, 2009, the R&R was adopted and judgment entered against Plaintiff. (Doc. 9, 10.)

On February 18, 2010, Plaintiff filed a request to reopen the case, stating as follows:

> Please reopen. I am 100% disabled vet, and would like to procede [sic], case is still happening. I am still being harrased [sic] in court and outside by both Ms. Hunter & Detective. Bonded out Nov 2nd, 2009.

(Doc. 12 at 1.) On April 27, 2010, Plaintiff filed a second request to reopen his case, stating that the state court criminal case against him is progressing, that he is being "threatened" with four years in prison, and that he is not being allowed to see the evidence against him. (Doc. 13 at 2.) On July 19, 2010, Plaintiff filed a third request to reopen his case, to which he attached a five-page brief where he states that he is seeking "a dismissal or appeal and/or overturn" of all judgments entered against him in Michigan's 19th District Court in the City of Dearborn. (Doc. 14 at 3.) He

2

further seeks to "be reimbursed for all property stolen and for false imprisonment, stress and any other difficulties incurred from these actions from and by the City of Dearborn MI representatives . . . ." (Doc. 14 at 5.)

On August 27, 2010, all three requests to reopen the case were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 16.)

### B. Analysis & Conclusion

Plaintiff's three requests are properly construed as motions for relief from judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 2004).

Applying the standards set forth above to the arguments asserted in the three requests, I suggest that Plaintiff has failed to set forth any facts that would fall within any of the circumstances specified in Rule 60(b) required to justify reopening a case. Instead, as Plaintiff acknowledges in his third request to reopen, he is attempting to "appeal" and "overturn" a state court criminal conviction by reopening his Prisoner Civil Rights case, which was filed under 42 U.S.C. § 1983. (*See* Compl., Doc. 1.) A plaintiff, however, who is seeking declaratory, injunctive or monetary relief under § 1983 for an allegedly unconstitutional conviction or imprisonment, must first prove that his conviction or sentence has been reversed, expunged, or declared invalid by the

state, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-88, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (extending the rule of *Heck* to actions seeking injunctive or declaratory relief). The rule of *Heck* ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their state criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394-95 (6th Cir. 1999).

Here, where Plaintiff has not alleged that his state court conviction has been reversed, expunged, or declared invalid by the State of Michigan, but to the contrary, has made clear that his conviction still stands, I suggest that this Court would lacks subject matter jurisdiction under *Heck*. Accordingly, since reopening the case would be a futile gesture and Plaintiff has not met any of the criteria set forth in Rule 60(b), I suggest that Plaintiff is not entitled to relief from judgment and that his motions should be denied.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: September 15, 2010 | s/ *Charles E Binder* <br> CHARLES E. BINDER <br> United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Khalil Johnson, 12516 Charest St., Detroit, MI, 48212-2260, and served on District Judge O'Meara in the traditional manner.

Date: September 15, 2010      By    s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder